PARHAM & LOWRY *v.* MRS. SARAH M. C. COBB el als.

P. & L. having obtained an order dissolving an injunction which had issued in favor of Mrs. *Cobb*, she took a suspensive appeal, which the Supreme Court dismissed, but when the case came up on its merits, it affirmed the decree dissolving the injunction. P. & L. sued the sureties on the appeal bond of Mrs. *Cobb*, for damages resulting from the injunction which she had obtained. *Held:* the sureties were not liable—their obligation being only to satisfy the judgment in the case appealed, and not one which might afterwards be obtained in another suit in the shape of damages occasioned by an injunction.

C. C. 2207.

APPEAL from the District Court of the parish of Madison, *Perkins*, J. *Snyder & Hynes*, and *Amonette*, for plaintiff. *Perkins & Bemiss*, for defendants.

SLIDELL, C. J. The action is upon an appeal bond given to enable the defendant, Mrs. *Cobb*, to obtain a suspensive appeal from an order made in the suit of Mrs. *Cobb* v. *Parham & Lowry*. The circumstances were these: Mrs. *Cobb* and *Lowry* being joint owners of an estate called the Buckhorn Plantation, and being engaged in a litigation respecting their partnership affairs, submitted their difficulties to arbitrators, who made an award divesting the possession of both proprietors, and putting the estate in the hands of *Parham*, to be adminis-

PARHAM ET AL
v.
COBB ET ALS.

tered for the benefit of both, according to the provisions of the award.  In violation of this compact, Mrs. *Cobb* got out an injunction, and by means thereof, succeeded in ousting the receiver and getting the estate into her own hands. *Parham* and *Lowry* obtained, on rule, an order dissolving the injunction and reinstating *Parham*, upon condition of giving a bond in the sum of $62,500. The purpose of that bond was to secure Mrs. *Cobb* the restoration of the plantation and crops that might be gathered, pending the suit, if she should ulti· mately succeed in maintaining it.  Its amount was fixed by the Judge at $62,500, upon evidence estimating the slaves at $45,000, the annual crops at $12,000, the teams and stock at $3,000, and the corn crop at $2,500.  This order was made in the month of April, 1848, and the amount of the bond was a very proper one, considering that *Parham* would probably gather the crops of 1848, before the decision of the cause, besides having possession of the slaves, stock, &c., a species of property liable to be carried off during the litigation.  The object of Mrs. *Cobb* in asking a suspensive appeal from this order restoring *Parham's* possession, was to keep the property and crops in her own hands; and the court in granting it, prescribed the very same sum, $62,500, as the amount of her appeal bond in favor of *Lowry* and *Parham*, for a suspensive appeal, fixing $100 as the the amount of the bond if she took only a devolutive appeal.  This appeal came before the Supreme Court in 1849.  The court was of opinion that the conditional order of dissolution was properly rendered, and that a suspensive appeal should not have been allowed; and by its decree the appeal was dismissed.  See 4th Annual, 147.  At the same time, the court also affirmed a decree dissolving Mrs. *Cobb's* injunction after a hearing on the merits.  Ib. 148.

It is said the sureties on this appeal bond are not liable for the value of one-half of the crop of 1848, which, during the pendency of the appeal, Mrs. *Cobb* gathered and converted to her own use.

The bond, which we have already stated, was for $62,500, refers in its condition to the order authorizing *Lowry* and *Parham* to bond and the order of suspensive appeal taken from it, which order may be fairly considered as embodied in the bond, and as entering directly into the contemplation of the sureties; and the condition then goes on to say "if the said *Sarah M. C. Cobb* shall prosecute her said appeal, and shall satisfy whatever judgment may be rendered against her by the said Supreme Court on said appeal; or if the same shall be satisfied by the proceeds of the sale of her estate, real or personal, if she be cast in her said appeal, then this obligation to be void, otherwise to remain in full force and virtue."  The decree of the Supreme Court was in these words: " It is therefore ordered, adjudged and decreed, that the appeal taken in this case be dismissed at the appellant's costs."

This decree was substantially an affirmance of the order to bond, as being a lawful order and one from which an appeal should not have been asked nor granted; and under it, I think, the principal and sureties were answerable to *Parham* and *Lowry* for the restoration, not only of the land, slaves and stock, but of the crops.  All these were comprehended in the order, and must be considered, under the circumstances, as clearly entering into the contemplation of the sureties at the time they added their faith to that of their principal, and enabled her by doing so to obtain the suspensive appeal from that order. Under the terms of the bond, the sureties were responsible for the satisfaction by their principal of whatever judgment might be rendered against her by the

Supreme Court on said appeal. The only substantial satisfaction of that judg-
ment by Mrs. *Cobb*, would have been not merely the restoration of the land,
slaves and stock, but the restoration of the crop, which at the time was grow-
ing on the land, and which it was the clear purpose of the order, from which
the appeal was taken, to put into the possession of *Parham*, one of the
obligees in the appeal bond. But this restoration has not been made, and by
Mrs. *Cobb's* act has become impossible, she having converted the crop to her
own use. I think this case is distinguishable from *Cartwright's* case, by rea-
son of the recitations in the bond.

It is said that the value of the crop was a matter pertinent to the partner-
ship affairs, and should have been sued for in the action decided at the present
term brought by *Lowry* against Mrs. *Cobb*. See ante, page —. No such ex-
ception was made below to the action, and it would be manifestly inequitable
to permit it here; for in the suit to which we refer exception was expressly
made to any claim being considered there for the crop of 1848, because claim
was made therefor in this suit; to which exception being sustained, *Lowry*
submitted, and an order of nonsuit on his motion was entered in that case, as
to so much of his demand as related to that crop.

We are of opinion the demand in reconvention and plea in compensation
were properly disregarded. See the case of *Parham & Lowry* v. *Cobb* and
*Harris*, 7 Annual, page —. See also, Civil Code, 2207.

The appellees ask an increase of the judgment; but an examination of the
evidence has not satisfied us the jury erred in the amount awarded.

In the view we have taken of the evidence, we consider the amount awarded
by the jury, as a full indemnity for *Lowry's* share in the crop of 1848, con-
verted by Mrs. *Cobb* to her own use, and we therefore think that so far as that
crop is concerned, the sum of $2000, portion of the judgment of $3000 ren-
dered in the suit of *Parham & Lowry* v. *Cobb & Harris*, No. 2564, of the
records of this court, (being No. 1688 of the records of the District Court,)
should be considered as given for the same cause of action, to-wit: *Lowry's*
share in the net crop of 1848, and therefore that two-thirds of any collection
which has been or may be made on said judgment for $3000 against said
*Harris*, ought to enure as a credit in favor of the succession of Mrs. *Cobb* on
the present judgment.

The only point of difference between myself and my brethren, is as to the
liability of the sureties on the appeal bond, and as to them in accordance with
the opinion of the majority delivered by Mr. Justice *Ogden*, the judgment must
be reversed.

It is therefore decreed, that the judgment in favor of the plaintiffs against
the succession of *Sarah M. C. Cobb* and of her husband, *O. B. Cobb*, be affirm-
ed; it being also considered by the court that two-thirds of the amount of the
judgment of *Parham & Lowry* v. *Harris*, is to be considered as having been
rendered for the same cause, viz: said *Lowry's* share of the said crop of 1848,
for which the present judgment was rendered, and that for two-thirds of any
collection which has been or may be made on said judgment against *Harris* by
said plaintiffs, the successions of said *Sarah M. C. Cobb* and of said *O. B. Cobb*,
deceased, shall be entitled to claim a credit on the present judgment.

And it is further decreed, that the judgment against the other defendants
and appellants, sureties, be reversed, and that there be judgment against said
sureties *in solido* for the amount of the costs of this suit in the court below,

and the costs of the appeal in the case of *Cobb* v. *Parham & Lowry*, No. 1273, of the records of this court, and No. 1364 of the records of the court below, for the ascertainment of which costs this cause is remanded.

It is further decreed, that one-half of the costs of this appeal be paid by the said succession of *Sarah M. C. Cobb* and *O. B. Cobb*, and one-half by the plaintiffs.

OGDEN, J., dissenting. The condition of the appeal bond executed by *Cobb* and wife on which the suit is instituted, is expressed in the terms of Art. 579 of the Code of Practice, which declares, "that the appeal bond must set forth in substance, that it is given as surety that the appellant shall prosecute his appeal, and that he shall satisfy whatever judgment may be rendered against him, &c." When the plaintiff appeals from a judgment rejecting his demand, the only judgment which the appellate court can render against him, is one condemning him to pay the costs of his appeal—the term suspensive appeal as used in the Code of Practice, has no meaning, except as applied to a judgment rendered against the defendant in a suit. When the plaintiff has resorted to one of the ancilliary remedies provided by law, and which may either precede, accompany or follow the demand he makes, he is required to furnish bond and security and where as in the present case, the remedy so resorted to is an injunction, the court is vested with full discretion to fix the amount of the bond in a sum sufficient to indemnify the party defendant against any loss or damage, which may be occasioned to him by the injunction. If, therefore, the injunction is dissolved by an interlocutory order from which the plaintiff has a right to appeal, the injunction bond affords the appellee the same security against loss, which the plaintiff in ordinary cases derives from the suspensive appeal bond, executed by the defendant who appeals from a judgment, the execution of which he desires to suspend until he can obtain a judgment on the appeal. If the injunction bond is not for a sufficient amount to afford that security, the defendant in injunction has only himself to blame, for not requiring that a bond for a larger amount should be given. If in the present case, the Judge when he granted the injunction, or afterwards on the application of the defendant, had fixed the amount of the injunction bond at a sum approximating even that which he afterwards required for the appeal, or being a just proportion to the interest involved, the rights of the parties would have been settled in the case reported in Ann. R., which was an appeal from a judgment rendered against the surety on the injunction bond, and in which the surety was condemned to pay $3000, the full amount of that bond, as part of the loss which the present suit on the appeal bond has been brought to recover, and the only ground for which appears to be, that owing to the insufficiency of the injunction bond which was only for $3000, a full reparation for the loss sustained by *Lowry*, in consequence of the injunction, cannot be had, unless he is permitted to recover an·additional sum as damages from the security on the appeal bond, the amount of which being $————, is large enough to cover all losses.

But we are not permitted to extend the obligation of the surety beyond what is expressed in the bond itself, and what the law has declared to be the legal obligation of the surety in such a case, which is to satisfy whatever judgment may be rendered against the appellant. The clear, legal intendment of such a bond, is that the surety shall be bound in place of the appellant to satisfy the judgment which may be rendered in that particular case—the obligation is not to satisfy a judgment which may afterwards be obtained in another suit in the

shape of damages occasioned by the resort which had been had to an extraordinary and oppressive remedy by injunction which gives rise to a subsequent and separate action. The judgment against the defendant as surety on the appeal bond, condemns him to pay a sum of money which his principal was not condemned to pay either by the judgment of the lower court from which the appeal was taken, or by the judgment of the appellate court. The appeal was taken from an interlocutory order dissolving the injunction, on the defendants in the injunction giving bond and security to deliver the property in the same state in which it was at the moment of issuing the injunction according to Art. 307, C. P. It was held on the trial of the appeal in this court, that this conditional order of dissolution of the injunction was properly rendered, and the court say, "a suspensive appeal should not have been allowed." See the case of *Cobb et al.* v. *Parham et al.*, 4th Ann. R., 147. The case *Jure* v. *First Municipality*, 2d Ann. R., 321, was referred to by the court in support of the opinion expressed in *Cobb et al.* v. *Parham et al.*, that a suspensive appeal should not have been allowed—that was the case of an application for a *mandamus* to compel the Judge of the Fifth District Court to grant a suspensive appeal from a similar conditional order of dissolution of an injunction under the same Article of the Code of Practice. The refusal of the application is placed on the ground that an appeal is permitted from an interlocutory order only in cases where the order may work an irreparable injury. We think the Judge improperly allowed an appeal from an order dissolving the injunction conditionally, as it could not work an irreparable injury. From the nature of such an appeal, being one taken by the plaintiffs against whom in that case there neither had been nor could be any judgment except for costs, the surety on the appeal bond, undertaking to hold himself responsible for whatever judgment might be rendered against his principal, contracted only an obligation co-extensive with that of his principal, which could not extend beyond the costs of the suit. Such is the law defining the obligation of one who becomes security on an appeal, and such are the terms of the appeal bond signed by the defendant in this case.

In the case of *Cartwright* v. *McMillan*, 3d Ann. 685, the court say, " We must take the obligation as it is; not as it might have been, or as the court might have ordered it to be made. The liabilities of the surety must not be extended."

The court in the present case, might have ordered a bond to be made in such a form as to render the surety on that appeal bond liable in the same manner that the surety on the injunction bond was liable, and we think great caution should be exercised, by the District Judge in ordering of the appeal bond in cases of appeal, out of the ordinary course, to be so framed as to fix the liability of the surety, but we are not authorized to disregard the condition inserted in this bond, which is expressed " to satisfy whatever judgment shall be rendered by the Supreme Court,"—it is the condition which fixes the liability of the surety to a bond taken in judicial proceedings, and it would be unsafe to regard the amount of the bond or the surrounding circumstances, as indicative of an intention on the part of the surety to bind himself in any different manner from that which results from the clear, legal import of the condition which is added to the obligation.

The case at bar is not different from what it would have been, if on dissolution of the injunction after trial on the merits, the plaintiff had appealed, and

had given a bond in a large amount, conditioned to satisfy whatever judgment should be rendered against him in the Supreme Court. The surety on such an appeal bond, no matter what the amount, could in no event be liable for more than costs and for all loss and damage arising from the injunction, the defendant must look to the bond given on suing out the injunction.